UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARTHUR FLETCHER,           ) | Case No.: 1:14 CV 595 |
|         Plaintiff                           ) | |
|                                                    ) | |
| v.                                             ) | |
|                                                    ) | JUDGE SOLOMON OLIVER, JR. |
| CAROLYN COLVIN,             ) | |
| Commissioner of Social Security, ) | |
|                                                    ) | |
|         Defendant                         ) | <u>ORDER</u> |

## I. INTRODUCTION

The Commissioner of Social Security (the "Commissioner") denied disability benefits to the claimant, Arthur F. Fletcher ("Plaintiff") in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Vernelis K. Armstrong ("Magistrate Judge" or "Judge Armstrong") for preparation of a Report and Recommendation ("R&R"). Both parties submitted briefs on the merits. Plaintiff sought an order remanding the case. The Commissioner sought final judgment upholding the decision below. In his Brief on the Merits, Plaintiff argued that the Administrative Law Judge ("ALJ") did not: (1) fully explain why he did not give controlling weight to the entirety of the treating physician's opinion; (2) meet his burden of showing that Plaintiff can perform work that is available in the national economy given his residual functional capacity; and (3) determine whether Plaintiff qualified for a higher-age category, under the Medical-Vocational Guidelines. (Pl.'s Merits Br., ECF No. 13.)

Judge Armstrong submitted her R&R on October 21, 2014, recommending that the Commissioner's decision be affirmed. (ECF No. 17). First, she concluded that the ALJ provided sufficient reasoning for his decision to reject portions of treating physician Dr. Billy Brown's ("Dr. Brown") opinion. Next, she found that the ALJ's hypothetical question accurately portrayed Plaintiff's actual limitations, and therefore Plaintiff's assignment of error regarding the ALJ failing to determine Plaintiff's ability to perform work in the national economy was without merit. Finally, she found that Plaintiff was not entitled to a higher-age category, because at the time of the hearing, Plaintiff's chronological age was several years below the lower cut-off for the higher-age category.

Plaintiff filed Objections to the R & R on October 24, 2014. ("Pl.'s Response," ECF No. 18.) Plaintiff contends that the ALJ, and the Magistrate Judge, improperly analyzed Dr. Brown's assessment under the treating physician rule. Plaintiff argues that, in rejecting the opinion of the treating physician, the ALJ is required to provide reasons that are "sufficiently specific to make clear to any subsequent reviewers" the weight the ALJ gave to the treating physician's opinion and the reasons for that weight. (Pl.'s Response at 2.) Plaintiff argues that the ALJ gave insufficient justification in his rejection of Dr. Brown's opinion that Plaintiff would be off-task at work 20% of the time, and would likely be absent from work for four days per month because of his symptoms. (*Id.*)

Because Plaintiff filed Objections to the R&R, the court undertakes a *de novo* review pursuant to Federal Rule of Civil Procedure 72(b)(3). For reasons explained below, we adopt the Magistrate Judge's R&R in full.

## II. LEGAL STANDARD

Judicial review of an ALJ's decision denying SSI benefits is limited to determining whether substantial evidence supports the ALJ's decision and whether the ALJ applied the correct legal standards in reaching her conclusion. *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). Under 42 U.S.C. § 405(g), the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Sixth Circuit has defined "substantial evidence" as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

However, "[e]ven if supported by substantial evidence . . . the decision of the Commissioner will not be upheld where the Social Security Administration fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546–47 (6th Cir. 2004)) (internal quotations omitted).

## III. LAW AND ANALYSIS

In his Objections, Plaintiff makes two challenges to the Magistrate Judge's findings. First, Plaintiff takes issue with the Magistrate Judge's conclusion that the ALJ did not err in disregarding part of the treating physician's opinion. Second, Plaintiff argues that the Magistrate Judge incorrectly found that the ALJ met his burden at step five of the disability evaluation process. The court undertakes *de novo* review of these issues below. *See* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to").

The ALJ determined that Dr. Brown was a treating physician. (Tr. 24.) Under the "treating-physician rule," an ALJ must give controlling weight to a treating physician's opinion, as long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2) (2010). Even where the physician's opinion is non-controlling, there remains a rebuttable presumption that the opinion is entitled to great deference. S.S.R. 96–2p (July 2, 1996). An ALJ must give "good reasons" for discounting or rejecting a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2). "Good reasons" are those that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96–2p; *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The ALJ found that Dr. Brown's opinion indicating that Plaintiff would routinely miss work should be rejected because Dr. Brown "[did] not explain why the claimant would be off task 20% of the time or why he would be absent from work four days a month." (Tr. 77, ECF No. 12.) The ALJ further stated that this part of Dr. Brown's opinion was "not supported by the rest of the medical record and appears to be contradicted by Dr. Brown's own findings." (*Id*.) In her R&R, Judge Armstrong concluded that the ALJ provided sufficient justification for the weight assigned to Dr. Brown's medical report and referenced record evidence that supported the ALJ's findings. (R&R, at 15.)

At issue here, then, is whether the ALJ underwent the proper procedure in assigning less-than controlling weight to Dr. Brown's assessment with regard to the length of time Plaintiff would spend off-task and the number of absences he would be required to take due to his condition. Plaintiff argues that the ALJ was required to "fully explain" his reasons for discounting Dr. Brown's opinion,

and his failure to do so impedes meaningful review of his decision. Plaintiff further argues that there is record evidence that supports Dr. Brown's opinion. (Pl.'s Merits Br. At 13.) Although the ALJ did not point to any record evidence to demonstrate that Dr. Brown's opinion was inconsistent and not supported by the medical record, both the Commissioner and the Magistrate Judge pointed to evidence on the record that supported the ALJ's conclusions.

The Sixth Circuit has held that in giving treating physicians less than controlling weight, an ALJ must articulate sufficiently specific reasons for his decision. *See Wilson*, 378 F.3d at 545. Adhering to this standard requires the ALJ to (1) determine whether the opinion was well-supported by medically acceptable clinical and laboratory diagnostic techniques or was "inconsistent with the other substantial evidence in [the] case record;" (2) identify the evidence supporting such a finding; and (3) explain its application of the factors listed in 20 C.F.R. § 404.1527(c)(2)[1] to determine the weight that should be given to the physician's opinion. *See id.* at 546; *see also Dabney v. Comm'r*, 1:11CV 2019, 2012 WL 4006711 (N.D. Ohio Sept. 12, 2012) (listing the *Wilson* factors as the "good reason requirement"). Reversal is "required" where the ALJ fails to include this "mandatory procedural protection," even if "substantial evidence otherwise supports the decision of the Commissioner." *Wilson*, 378 F.3d at 544–45. Undergoing this procedural requirement (regardless of the eventual outcome) provides a necessary protection to disability-benefit claimants,"particularly in situations where a claimant knows that his physician has deemed him disabled and therefore

---

[1] These factors are: length of the treatment relationship and the frequency of examination, nature and extent of the treatment relationship, supportability, consistency, specialization, and "other factors." *See* 20 C.F.R. § 404.1527(c)(2)–(6).

might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Id.* (internal citations and quotations omitted).

The court notes that the Sixth Circuit has affirmed the importance of affording Social Security plaintiffs the procedural protection described above, but finds that here there is no such error. While the ALJ did not indicate his reasons for rejecting parts of Dr. Brown's opinion with complete precision, such precision is not required. *Wilson* states that a "situation could arise where the Commissioner has met the goal of Section 1527(d)(2) . . . even though she has not complied with the terms of the regulation." *See Wilson*, 378 F.3d at 547. The court finds that such a situation exists here–the crux of the ALJ's conclusion with regard to Dr. Brown's opinion meets the goal of Section 1527(d)(2), because it apprised Plaintiff of the reasons behind the ALJ's finding, notwithstanding the fact that the court did not go through each factor in piecemeal fashion. The ALJ provided several reasons to support his conclusion–namely, the ALJ reasoned that Dr. Brown's opinion with regard to how much time Plaintiff's injuries would require him to miss work was not supported by other medical evidence in the record, and was inconsistent with Dr. Brown's own findings. Thus, although the ALJ's analysis was perhaps not a model of strict compliance with the terms of the regulation, it is sufficient.

Plaintiff's second objection to the R&R is that the ALJ did not meet his burden at step five of the disability-evaluation framework, which requires the ALJ to consider the existence of work in the national economy that the claimant can do given his residual functional capacity. In order to do this, an ALJ typically relies on the testimony of a vocational expert. Plaintiff argues that because the ALJ discounted Dr. Brown's opinion with regard to his off-task time, the ALJ could not ask the vocational expert the proper hypothetical questions, and thus could not make an adequate

determination with regard to available work in the national economy. Because the court finds that the ALJ's analysis with regard to Dr. Brown's opinion contains no error, this argument must also fail. The ALJ had no duty to include hypotheticals about Plaintiff's off-task time in his questioning of the vocational expert because Dr. Brown's opinion with regard to off-task time was properly discounted. Therefore, Plaintiff's objection on this issue is also not well-taken.

## IV. CONCLUSION

Thus, the court finds, after careful *de novo* review of the Magistrate Judge's Report and Recommendation and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 17), affirming the Commissioner's final decision denying Plaintiff disability benefits.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 31, 2015